54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nelson Francisco DOLMUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70219.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson Francisco Dolmuz, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of Dolmuz's application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(1). Dolmuz contends that the BIA erred by finding that he failed to demonstrate "extreme hardship." We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 
 3
 * Merits
 
 A. BIA's Reliance on IJ's Order
 
 4
 Dolmuz contends that the BIA abused its discretion by affirming the IJ's decision without adequately discussing the basis for its decision. This contention lacks merit.
 
 
 5
 "The BIA may incorporate the IJ's opinion [so long as] the BIA opinion makes it clear that it is doing so." Alaelua v. INS, 45 F.3d 1379, 1381-82 (9th Cir. 1995) (holding that the BIA does not abuse its discretion by adopting the IJ's decision instead of discussing the factors in its own words).
 
 
 6
 Here, the BIA's order incorporates the IJ's decision, and thus the BIA did not abuse its discretion. See id. at 1382 ("[t]he adoption of a lower tribunal's reasons is a valid practice on review").
 
 B. Suspension of Deportation
 
 7
 Dolmuz contends that the BIA abused its discretion by finding that Dolmuz would not experience "extreme hardship" if deported to Nicaragua. This contention lacks merit.
 
 
 8
 Where the BIA's decision incorporates the IJ's opinion, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion. See Alaelua, 45 F.3d at 1382. Failure to consider all pertinent facts supporting extreme hardship or failure to articulate reasons for denying suspension is an abuse of discretion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir. 1985).
 
 
 9
 To establish prima facie eligibility for suspension of deportation, an alien must satisfy three requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent residence spouse, parent, or child, if the alien is deported. Bu Roe, 771 F.2d at 1333. The alien bears the burden of demonstrating eligibility for suspension of deportation. Id.
 
 
 10
 In determining extreme hardship, "[t]he common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir. 1991); Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir. 1986); Patel v. INS, 638 F.2d 1199, 1206 (9th Cir. 1980). Moreover, the BIA may construe "extreme hardship" narrowly so long as it considers all the relevant factors. See Hassan, 927 F.2d at 468; INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981). In addition, the lack of comparable economic and educational opportunities in one's native country alone do not constitute extreme hardship. See Ramirez-Durazo, 794 F.2d at 498.
 
 
 11
 Here, the IJ found that Dolmuz had established the first two requirements for suspension of deportation, but failed to demonstrate "extreme hardship." In reaching this conclusion, the IJ considered the facts that Dolmuz was young, in good health, fluent in both English and Spanish, single with no children, and owned no real property or business in the United States. The IJ also considered the fact that his parents and siblings were in the United States, but that none were United States citizens or lawful permanent residents. The IJ also considered that his closest family ties in Nicaragua were a number of aunts and uncles. In addition, the IJ considered Dolmuz's academic and athletic success, his community work, and his interest in continuing his education in the United States.
 
 
 12
 The IJ concluded that Dolmuz would not suffer extreme hardship if he were deported and that his education and experience demonstrated his ability to adapt to new situations.
 
 
 13
 Given these circumstances, we cannot say that the BIA abused its discretion by adopting the IJ's order and concluding that Dolmuz did not demonstrate extreme hardship. See Hassan, 927 F.2d at 468; Ramirez-Durazo, 794 F.2d at 498; Patel, 638 F.2d at 1199. The IJ considered all the relevant factors relating to extreme hardship to Dolmuz and set forth the specific reasons in support of the discretionary denial of suspension of deportation. See Bu Roe, 771 F.2d at 1333.
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3